M566GIAF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

                v.                          20 Cr. 160 (MKV)

LISA GIANNELLI,

                Defendant.
                                            Trial
------------------------------x
                                            New York, N.Y.
                                            May 6, 2022
                                            9:45 a.m.
Before:


                    HON. MARY KAY VYSKOCIL,


                                            District Judge
                                            -and a jury-

                          APPEARANCES

DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York
BY:   SARAH MORTAZAVI
        BENJAMIN A. GIANFORTI
        Assistant United States Attorneys


FASULO, BRAVERMAN & DiMAGGIO, LLP
        Attorneys for Defendant Giannelli
BY:   LOUIS V. FASULO


Also Present:  Karline Jung, USDA Paralegal

                (Trial resumed; jury not present)

                THE COURT:  Please be seated, everyone.

                All right.  Good morning, everyone.  So I understand

that in response to note number 3 that we received from the

M566GIAF

1    jury as they were leaving last night, you've assembled the

2    documents that you are able to identify, right?

3              MS. MORTAZAVI:  Yes, your Honor.

4              THE COURT:  And you both agreed on that?

5              MR. FASULO:  Yes, Judge.

6              THE COURT:  Okay.  Now, I have this proposed note with

7    respect to certain documents on which there are issues.  Is

8    that on consent?

9              MR. FASULO:  That is, Judge.

10             THE COURT:  All right.  So here's what I'm going to do

11   with it.  It's fine for the most part, but with respect to the

12   fifth bullet point, I'm going to stop with they can be played

13   for the jurors.  If they want the transcripts, they know how to

14   ask for them because certain of the requests indicated T,

15   meaning transcript.

16             With regard to the next three exhibits, 319, 11002,

17   and 170001, I'm simply going to say those documents don't

18   exist, please tell us what it is you're asking for, be as

19   specific as possible.  I'm not going to -- I'm basically going

20   to use what you have with regard to Number 319.  I'm not going

21   to suggest alternatives.

22             MR. FASULO:  Fine.

23             MS. MORTAZAVI:  That's fine, your Honor.

24             THE COURT:  So let's bring the jurors out.

25             MR. FASULO:  There's one other thing from yesterday.

M566GIAF

1   I think we resolved it as a team here.

2              The government labeled as demonstrative -- I really

3   see it is a summary chart, and therefore, based on the way the

4   witness testified and the basis of the testimony, I have no

5   objection to that chart going into evidence, even though it's

6   technically labeled as a demonstrative.  But it's not a

7   demonstrative in the sense that it was used in the courtroom

8   for -- while the testimony is to illuminate a certain point, it

9   was based on the witness' testimony, his review of records, and

10  therefore there's no objection to that, Judge.

11             THE COURT:  Right.  But this says you have requested

12  demonstratives.  The demonstratives are marked as 19000 and

13  19001, and we were going to send them back.

14             MR. FASULO:  I'm fine with that.  I just -- the label

15  "demonstratives" there, I know we used it, it's really a

16  summary chart, and normally demonstratives would not go back to

17  the jury room.  So I want to make the record clear that I'm

18  aware it says demonstrative.  I'm not letting a demonstrative

19  go into the jury room.  I really see it -- I'm not consenting

20  to a demonstrative in the jury room, I'm consenting to the

21  documents that were entered into evidence because I see them as

22  summary charts based on the way they were introduced.

23             THE COURT:  When you say the summary charts, you're

24  talking about 19000 and 19001?

25             MR. FASULO:  Correct.

```
1          THE COURT:  And you consent to those going back to the

2     jury room?

3          MR. FASULO:  Correct.

4          MS. MORTAZAVI:  And there's no dispute there.

5          THE COURT:  Okay.  All right.  So let's get our

6     jurors.

7          MR. FASULO:  There's one more issue.

8          MS. MORTAZAVI:  Pardon me.

9          One other point, which is they had requested the

10    physical bottles that we had seized.

11         THE COURT:  Yes.

12         MS. MORTAZAVI:  And so we have tables, we have the

13    physical bottles, and if the Court would like, we have a

14    proposal to how to display them to the jurors.

15         THE COURT:  Yes.  Tell me about it.

16         MS. MORTAZAVI:  Our proposal is that we set up the

17    tables towards the back of the courtroom on the side so that

18    they're not viewing counsel table.  And then the agents can set

19    up the bottles there, display them, if any of the jurors want

20    to actually handle them, we have gloves, and they can do so,

21    but the agents have to be present the whole time.

22         THE COURT:  Yes.  Okay.  I'll explain that to them as

23    well.

24         MR. FASULO:  For the record, we did work on that last

25    night in terms of procedure, and our proposal -- so the defense
```

1  contents to that.  We thought the back of the courtroom gives

2  them privacy.

3  THE COURT:  The only thing with that is you can't all

4  be in the courtroom then if they're doing that because they may

5  discuss things and talk.  So if we're going to put them there,

6  then you have to leave the courtroom.

7  The other possibility would be -- are both of the

8  rooms in the back being used?  There are two witness rooms,

9  basically.  Are they both being used?

10  MS. MORTAZAVI:  They shouldn't be.

11  MR. FASULO:  We have one room, Judge.

12  MS. MORTAZAVI:  On an ad hoc basis.

13  THE COURT:  We could put them in the other of those

14  rooms, and the Marshals then could accompany them across that

15  little lobby way there in the foyer, but you all need to not be

16  in that hallway.

17  MR. FASULO:  The problem -- I'm sorry.  I'm taking my

18  mask down.

19  The problem we came up with last night from the

20  government's perspective, and I respect it, is seeing that they

21  are drugs, it would be unusual just to give them, like,

22  contraband without some sort of agent being available.

23  THE COURT:  Correct.

24  MR. FASULO:  So for that reason, obviously, the agents

25  would be instructed not to talk and not to have any

1    conversation, and as long as that takes place and the Marshal's

2    in the courtroom as well, that's fine.

3         THE COURT:  I'm more comfortable, frankly, with it

4    being here in the courtroom.

5         MR. FASULO:  I have no problem.

6         THE COURT:  But that would mean you do all need to be

7    out of the courtroom, and we would call you back, obviously, if

8    there's anything you need to be back for.

9         MR. FASULO:  When you say all of us, other than the

10   agents?

11        THE COURT:  Yes.  Yes.  I mean, counsel,

12   Ms. Giannelli, I take it your Ms. Giannelli's husband -- you're

13   not Ms. Giannelli, Ms. Voshell.  Is that how you say it?

14        MR. FASULO:  Yes.

15        THE COURT:  And the reporter as well.

16        MR. FASULO:  Yeah.

17        THE COURT:  You would all have to be out of the

18   courtroom.  You can sit in the hallway there, if you wish.

19        MR. FASULO:  We're fine with that, Judge.

20        THE COURT:  Let's go with that in the back of the

21   courtroom.  I think it's easier than for the agents to stay up

22   here.  The Marshal has to be where they are, and if the jurors

23   want to come out, and the Marshals would accompany them.  And,

24   obviously, you are instructed you cannot communicate with them.

25   I will tell them the agents will be here, so to keep any

1  conversation to a minimum.

2          MS. MORTAZAVI:  Your Honor, would you like us to set

3  that up now or --

4          THE COURT:  I rather get them out here, and let's give

5  them what we can so that they can make progress today.

6          MS. MORTAZAVI:  Okay.

7          THE COURT:  And then you can do that.  And Ms. Dempsey

8  will let them know when you're ready.

9          MS. MORTAZAVI:  Thank you, your Honor.

10          THE COURT:  All right.  Anything else for the record?

11          MS. MORTAZAVI:  Not from the government.

12          MR. FASULO:  Nothing from the defense.

13          THE COURT:  Thank you.  All right.  I just want to --

14  I just want to be clear on the record about this issue with the

15  sample bottles.  Our concern is that as you know, it's highly

16  unusual once the jury retires to the deliberate, and perhaps

17  even improper for anyone to be in their presence.  The

18  Marshal's outside their door.  I understand that the agents

19  have to maintain the chain of custody more importantly than --

20  I also understand that these are drugs, and we can't just put

21  them in the hands of the jurors.  But I think the procedure

22  we've talked about is fine.

23          I'm going to strictly admonish the jurors not to speak

24  while they are looking at the samples, to save whatever they

25  want to talk about until they retire, but I want consent on the

1    record then from both of you that you agree that the agents can

2    remain in the courtroom to observe only.  If there are any

3    issues while you're observing, you are to bring them to the

4    attention of the Marshal, who will bring them to the attention

5    of the Court.  You cannot intervene.  Do you understand that?

6              MR. TURPIN:  Yes, your Honor.

7              MR. BERGEN:  Yes.

8              THE COURT:  For the record, you need to give the court

9    reporters your names.

10             MR. TURPIN:  Bruce Turpin and Timothy Bergen.

11             THE COURT:  You both understand you cannot interact in

12   any way with the jurors?

13             MR. TURPIN:  Yes, your Honor.

14             MR. BERGEN:  We both understand.

15             MR. FASULO:  This brings us to a little bit of a

16   dilemma because the issue is not -- the items are, one, in

17   glass containers --

18             THE COURT:  Some of them.

19             MR. FASULO:  Some of the items are like this, but

20   there are other items that are actually still in evidence bags.

21   And if a juror wants it to see what's in the evidence bag, they

22   should be able to see this.  I'm not sure how they get into the

23   evidence bag.

24             THE COURT:  They can't, I don't think.

25             MR. FASULO:  Well, they should be available to the --

1   my argument is they should be available to the jury.  The

2   thought was the agents would cut the evidence bag, and they

3   were okay with that, but the problem with the Court's

4   admonishment, it would now be an interaction with the jurors in

5   response to that request.

6            THE COURT:  Then they can specifically tell us, either

7   they can look at them as they are in the evidence bags, and if

8   there are specific items that they want to see more up close,

9   they can let us know that.

10           MR. FASULO:  Well, there --

11           THE COURT:  There are a few loose bottles.

12           MR. FASULO:  But there are a few issues I have with

13   that, Judge.  That's as a general rule.

14           THE COURT:  I'm sorry to interrupt, but can we put

15   this issue aside?  Let's get the jurors the documents, and then

16   we can come back out here and talk about this.  All right?

17   Because I really don't want to kill time here.  Okay.  All

18   right.  We'll pick it up.

19                  .

20

21

22

23

24

25

1    (Jury present)

2    THE COURT:  Good morning, ladies and gentlemen.  So we

3    have your third noted that you sent out as you were departing

4    last night asking for certain peaces of evidence.  The lawyers

5    have worked together to try to assemble most of what you've

6    asked for, and we will give that to you to take back into the

7    jury room.  There are a couple of items that I want to discuss

8    with you on the record.

9    So the first is you have asked for demonstratives.

10   Those demonstratives are marked as Government Exhibit 19000 and

11   19001.  As I told you in my instructions, demonstratives are

12   not evidence.  They are summaries of documents that are

13   actually in evidence.  The parties have now agreed that there's

14   no objection to those two summaries, which, as I said, are

15   19000 and 19001, going back into the jury room.  Normally,

16   demonstratives do not go back.  All right?

17   Next, you've asked for the incorporation document.

18   That document is on page 5 of Government Exhibit 3700, and we

19   will make that available to you.

20   You have asked for the Delaware complaint.  That is

21   Government Exhibit 3001, and that will be made available to

22   you.

23   You've asked for what you call the patient chart, in

24   quotes.  We don't know exactly what you're asking for.  So

25   would you please, after you go back, talk about that.  If you

1    still wish for something, send a note with a description of the

2    document that you're asking for, and we'll do our best to

3    provide it to you, but please be as specific as possible in

4    your request in order to assist us in identifying what it is

5    that you're asking for.

6              Now, you've requested Government Exhibits 102A And

7    119B.  Those exhibits are audio files; in other words

8    recordings that were played during the course of the trial.  If

9    you wish, those can be played for you all in the courtroom.

10   We'll have you back in, and we'll play them for you, so please

11   let us know if that's what you want.

12             Now, there are three exhibits that you asked for;

13   government Exhibit 319, 11002, and then you wrote 170,001.

14   There are no such exhibits.  So we need you to please send us a

15   further note with a description of the document that you're

16   requesting, and we will provide it to you.  But, again, we ask

17   you to please be as specific as you possibly can.

18             Now, the final item is the sample bottles in evidence

19   that you have asked for.  We will make them available to you.

20   If you can be more specific, that would be helpful to narrow

21   down what we're talking about.  But as you see on that cart,

22   the government has brought in -- it's right in front of jury

23   number 6, I believe, yes, and we've got to work out the

24   logistics of that.  We can make it all available to you, but as

25   you'll understand, there are issues about the chain of custody

1  of evidence, and we just need to work out the logistics if you

2  want it all.

3      We're trying to work out a procedure where we'll set

4  up some tables, and they can be displayed for you, but there

5  are concerns about the proper handling of evidence, and they

6  are also drugs.  So there are issues with respect to that, that

7  I'm sure you can appreciate.  So if there are specific things

8  you want as opposed to all of that, that would be easier, and

9  we can certainly accommodate you.  But if you want the whole of

10 the physical evidence made available to you, we'll work out the

11 logistics while we give you the documents you've asked for that

12 we have and while you go back and refine some of the requests

13 that I've just outlined for you.

14     All right?  So do we have the exhibits?  If you can

15 hand them to Ms. Dempsey?

16     MS. MORTAZAVI:  Yes, your Honor.

17     THE COURT:  All right.  So with that, you may retire

18 again to deliberate, and Ms. Dempsey will give this binder of

19 the exhibits you asked for to the Marshals to deliver to you.

20 Thank you.

21     All rise, please.

22     (Jury deliberations resumed; time noted:  10:33 a.m.)

23

24

25

1           (Jury not present)

2           THE COURT:  All right.  So, first, did you have a

3   binder copy for the Court of those?

4           MS. MORTAZAVI:  Yes, your Honor.  We have it right

5   here.

6           THE COURT:  Thank you very much.

7           MS. MORTAZAVI:  And I have a response to Mr. Fasulo's

8   last comment.

9           THE COURT:  Okay.  This is the Court's copy of what

10  the jurors asked for in case there are questions about them or

11  whatever.  Okay?

12          MR. FASULO:  Judge, if I may just finish?

13          THE COURT:  Yes.  He was mid-sentence.  I'm sorry,

14  Mr. Fasulo.

15          MR. FASULO:  No, I appreciate it.  No worries.

16          So my concern is that there are some -- not all of

17  them, but some that you can't even see what is the content of

18  the package, so that's my concern.

19          THE COURT:  It would be hard to think that's what the

20  jurors are asking for then, but I don't know.

21          MR. FASULO:  And also I looked at the request, Judge,

22  it says the bottles that are in evidence, and I think it's

23  important for the jurors to know that these are the physical

24  bottles in evidence, however, there were other bottles in

25  evidence that were put in through photographs of the bottles

M566GIAF

1 that were recovered.

2          THE COURT:  I think they know that, but they asked for

3 certain things that were documentary evidence, and the

4 photographs are basically documentary evidence.  But you are

5 correct, there are certain bottles held individually.  It may

6 be what they're asking for.

7          MR. FASULO:  The interaction is my concern.

8          THE COURT:  I agree.  I understand, and I agree.

9          MS. MORTAZAVI:  And, your Honor, they may come back

10 with a more specific note and make this all moot, but if they

11 ask for everything, the agents can simply unseal those

12 envelopes and set it up on the table.  They'll reseal it once

13 the jury is done reviewing it.

14          THE COURT:  And that's fine in terms of chain of

15 custody?

16          MS. MORTAZAVI:  Yes, your Honor.

17          THE COURT:  As long as they're here and observing at

18 all times?

19          MS. MORTAZAVI:  Correct.

20          THE COURT:  All right.  Let's see what they come back

21 with.  I don't know if you want to go through the work of

22 setting it all up until we hear further.  It might be more of

23 an effort than it's worth.

24          MS. MORTAZAVI:  It's not an issue, your Honor.

25          THE COURT:  Okay.  We'll wait until we hear further

M566GIAF

1    from the jury.

2              MR. FASULO:  So we're clear, on the record, I have no

3    objection to not being in the courtroom, I have no objection to

4    to the agent being here under direction, and I have no

5    objection to them being instructed not to interact with any of

6    the jurors.  And will the Marshal also be present?

7              THE COURT:  Yes.

8              MR. FASULO:  So the Marshal will also be present in

9    the courtroom.

10             THE COURT:  And I will instruct them not to speak.

11             MR. FASULO:  And based on that protocol, the defense

12   is okay with that as an alternative, based on whatever we end

13   up with --

14             THE COURT:  All right.  Thank you very much.  And

15   thank you for working so hard for getting that together for

16   them last night.  So we'll stand in recess.

17             MS. MORTAZAVI:  Thank you, your Honor.

18             (Recess pending verdict)

19             (A note was received from the jury)

20             THE COURT:  All rise.  A note was received from the

21   jurors.  This is note number 4.

22             Did you need Ms. Giannelli?

23             MR. FASULO:  We'll waive her appearance for the

24   reading of the note.

25             THE COURT:  First -- there are dashes, not "first."

1    The jury would like to request the following transcript,

2    102A-T, 119B-T, we do not need to hear the audio for these

3    transcripts.  The jury does not -- underline -- need to see the

4    "patient chart" previously requested.  The jury requests the

5    "Courtney Adams" transcript, exhibit 17001.

6         MR. FASULO:  Judge, on that note, both of us just

7    realized after you left the bench, that because the way we

8    wrote the note to the Court, we had included that in the binder

9    and they have it in the jury room because it was our intent

10   originally that you were going to say that -- we had requested

11   that you just correct the number, and you had made the ruling

12   on the bench and it slipped us.  So I'm glad they have it

13   already.  So it seems like it's okay.

14        THE COURT:  Okay.  Next, the jury would like to see

15   the BB3 bottle (single bottle acceptable).  The jury does not

16   need to see other bottles or supplies.

17        Finally, the jury does not -- underline -- need to see

18   "319."

19        Signed by M. Carlin.

20        All right.  Now I want to raise an issue with the

21   parties.

22        Picking up, Mr. Fasulo, on your verbiage when I was

23   talking to the jurors about the physical evidence, I said these

24   also are drugs.  The question of whether items are drugs is

25   obviously a fact issue in this case, so for the sake of good

1  order, I intend to tell the jurors the following:  In

2  responding to your note, I referred to the products in evidence

3  generically as "drugs."  This comment was not an instruction on

4  the law, and it is not a reflection of the Court's opinion on

5  any fact in this case.  Whether any product in evidence meets

6  the definition of a drug is for you, the jury, to decide.

7          MS. MORTAZAVI:  That's acceptable to the government.

8          MR. FASULO:  No objection from the defense.

9          THE COURT:  All right.  So --

10         MR. FASULO:  Judge, as to the physical bottle, it

11  appears to me that since they want one bottle and the bottle

12  has been shown, the single bottle, they should be able to take

13  that into the jury room.  We don't need to deal with the

14  agents.

15         MS. MORTAZAVI:  It's the same concern with a single

16  bottle.  There's a chain of custody.  It's the government's

17  position these are drugs; if they were narcotics, it would not

18  be appropriate to send it back to the jury room.  I think we

19  can set up a table, set up the single bottle, the agents will

20  not need to interact.

21         THE COURT:  Right.  Why don't we do this right now?

22  Put it on the table, and we will do it in open court.  Is that

23  acceptable?

24         MR. FASULO:  I don't object to that.

25         THE COURT:  Okay.  I would suggest we put the table in

M566GIAF

1    the back there so they have privacy as they're looking at that.

2           MR. FASULO:  I would consent to that, Judge.

3           THE COURT:  What I'm going to suggest while we're

4    putting it there, they can look at it on their way back into

5    the jury room, but my same concerns about chain of custody and

6    handling of what the government contends is a drug remains, and

7    then I'm going to give them the generic instruction.

8           MS. MORTAZAVI:  Thank you, your Honor.

9           DEPUTY CLERK:  The Marshal has another note.

10          THE COURT:  Another note?

11          DEPUTY CLERK:  Yes.

12          (A note was received from the jury)

13          THE COURT:  Okay.  All right.  This will be juror note

14   number 5 that they just handed to us, which I'm opening.

15   Ms. Mortazavi and Mr. Fasulo, note number 5:  We have the

16   Courtney Adams testimony, so please disregard the duplicate

17   request for this document.  Signed by M. Carlin.  So they are

18   ahead of us.  So is that set up?

19          MR. TURPIN:  Yes, your Honor.

20          MR. FASULO:  Can I have the content -- can I see the

21   note?  It didn't register.  It went through my head, and I

22   didn't register what it was.

23          THE COURT:  Do you want to take your seats because I'm

24   going to bring them out?

25          May 6, 2022, at 10:52 a.m., we have the Courtney Adams

1    testimony, so please disregard the duplicate request for this

2    document.  Signed M. Carlin.

3              So this is the item we just talked about.

4              MR. FASULO:  Yes, Judge.  I just didn't hear it,

5    Judge.

6              THE COURT:  So, Ms. Dempsey, do you want to bring the

7    jurors out, then?

8              MS. MORTAZAVI:  Your Honor, while Ms. Dempsey is

9    retrieving the jury, we have copies of the transcripts that

10   they requested, 102-AT and 119B-T.  We can provide those to

11   Ms. Dempsey when she returns.

12             MR. FASULO:  For the record, I've looked at those and

13   consent to their being shown.

14             THE COURT:  All right.  Thank you.

15             (Jury present)

16             THE COURT:  Good morning, again, ladies and gentlemen.

17   We have your note at 10:43 and your follow-up note at 10:52.

18   We were working on your first request when you are ahead of us,

19   so I'm going to jump to your second note saying you have the

20   Courtney Adams testimony, so please disregard the duplicate

21   request for this document.  That was one of the things we were

22   going to tell you, that the parties did include that in the

23   binder of what they provided to you.

24             We have the two transcripts, turning to your first

25   note.  You request the following transcript, 102A-T and 119B-T.

1  We have those, and those will be made available to you.  You

2  have said you do not need to hear the audio for these

3  transcripts.

4       You have also advised the jury does not see the

5  patient chart previously requested.  The jury requests the

6  17001 Courtney Adams, which we just talked about.  The jury

7  would like to see the BB3 bottle (single bottle).  The jury

8  does not need to see other bottles or supplies.  And then your

9  final comment in your earlier note, the first of these two

10  notes, the jury does not need to see 119.

11       So with respect to your previous request to see the

12  samples of the physical evidence, I want to just clarify one

13  thing that I said earlier.  In responding to your note when you

14  were in first this morning, I referred to those products in

15  evidence generically as drugs.  That comment was not an

16  instruction on the law, and it was not a reflection of the

17  Court's opinion on any fact in evidence in this case, whether

18  any product in evidence meets the definition of a drug is for

19  you, the jury, to decide.

20       Now, with respect to the single bottle of BB3 that you

21  have asked to see, we've set up a table in the back by where

22  the drapes are right outside of the jury room.  All of the

23  comments I made before about chain of custody and handling of

24  physical evidence, concerns about it breaking and those sorts

25  of things remain.

M566GIAF

1    So what we are going to ask you to do is as you leave

2    the jury room, please look at it on your way out, please don't

3    talk while you're looking at it because it's important that all

4    of your deliberations be had in private without anybody being

5    present, but the agents will remain in the courtroom, because

6    as I expressed to you before, it's important for chain of

7    custody purposes that they see the evidence at all times.  The

8    Marshal will be with you, but the rest of us -- well, you can

9    retire and look at it that way.  If that doesn't satisfy for

10   your purposes, you can send us a note, and we'll endeavor to

11   meet your needs.

12        All right?  Anything else with that, then?

13        MR. FASULO:  Not from the defense.

14        MS. MORTAZAVI:  Not from the government.

15        THE COURT:  All right.  Then thank you.

16        So with that, then you may retire again, and on your

17   way out, the bottle is on the table for you to observe.  If you

18   need to handle it, the gloves are back there as well.  Please

19   put gloves on.  Okay?  Thank you.

20        All rise for the jury, and if the Marshal would please

21   keep an eye?

22        MARSHAL:  Yes, ma'am.

23        (At 11:00 a.m., the jury retired to deliberate)

24        (Jury not present)

25        THE COURT:  All right.  And I'm going to hand these

M566GIAF

1    last two notes for the record, and you may all be seated.  And

2    I will see you again if there are further notes.

3            MR. FASULO:  So the record is clear, I just want to

4    put this on the record.  We were all in the courtroom, the

5    jurors had an opportunity to go to the table, they individually

6    looked for the time necessary, and they retired to the jury

7    room.  The process took less than three minutes.

8            MS. MORTAZAVI:  And I'll also note for the record,

9    your Honor, that no one said anything, neither the parties nor

10   the jurors, during the time that they were observing the

11   physical evidence in open court.

12           THE COURT:  That's correct.  All right.  Thank you,

13   all.

14           MR. FASULO:  Thank you, Judge.

15           MS. MORTAZAVI:  Your Honor, may the agents take the

16   bottle and return it?

17           THE COURT:  Yes.  That's probably a good idea to do

18   that now so it doesn't get bumped or anything.  And if we have

19   further requests, we'll deal with them.

20           The record should reflect the agents are putting that

21   one bottle of BB3 back with all the other physical evidence.

22   Thank you.

23           (Recess pending verdict)

24           (A note was received from the jury)

25           THE COURT:  Please be seated, ladies and gentlemen.

1   All right.  So we have a note from the jurors, and we are told

2   that it is a verdict.

3         All right.  So, Ms. Dempsey, would you please bring

4   the jurors out?

5         (Jury present)

6         THE COURT:  All right.  Please be seated, everyone.

7         All right, we are told the jury has a verdict; is that

8   correct?

9         JUROR:  We do, your Honor.

10        THE COURT:  May I, please?  Thank you.

11        All right.  Ms. Carlin, our foreperson, Ms. Dempsey is

12  going to hand this back to you, and when she asks you, if you

13  would announce the verdict, please?

14        All right.  Ms. Dempsey would you read the verdict,

15  and would the defendant and counsel please rise?

16        DEPUTY CLERK:  Has the jury reached a verdict?

17        JUROR:  Yes, we have, your Honor.

18        DEPUTY CLERK:  How do you find the defendant?

19        JUROR:  We find the defendant guilty.

20        THE COURT:  And the second question.

21        DEPUTY CLERK:  The second question.

22        THE COURT:  You can read.  Do you want to read the

23  question and the answer, please?

24        JUROR:  If guilty on Count Two, do you find that she

25  had intent to defraud or mislead, the jury said yes.

1       THE COURT:  Thank you.  You may be seated.

2  Ms. Dempsey is now going to you no poll the jury, which means

3  she's going to ask you individually if this is your verdict.

4       So starting with jury number one, Ms. Dempsey.

5       DEPUTY CLERK:  Juror number 1, is this your verdict?

6       JUROR:  Yes, it is.

7       DEPUTY CLERK:  Juror number 2, is this your verdict.

8       JUROR:  Yes.

9       DEPUTY CLERK:  Juror number 3, is this your verdict?

10      JUROR:  Yes.

11      DEPUTY CLERK:  Juror number 4, is this your verdict?

12      JUROR:  Yes.

13      DEPUTY CLERK:  Juror number 5, is this your verdict?

14      JUROR:  Yes.

15      DEPUTY CLERK:  Juror number 6, is this your verdict?

16      JUROR:  Yes.

17      DEPUTY CLERK:  Juror number 7, is this your verdict?

18      JUROR:  Yes.

19      DEPUTY CLERK:  Juror number 8, is this your verdict?

20      JUROR:  Yes.

21      DEPUTY CLERK:  Juror number 9, is this your verdict?

22      JUROR:  Yes.

23      DEPUTY CLERK:  Juror number 10, is this your verdict?

24      JUROR:  Yes.

25      DEPUTY CLERK:  Juror number 11, is this your verdict?

1     JUROR:  Yes.

2     DEPUTY CLERK:  Juror number 12, is this your verdict?

3     JUROR:  Yes.

4     DEPUTY CLERK:  Thank you.

5     THE COURT:  Thank you.  All right.  Ladies and

6  gentlemen, thank you very much for your service.  Your service

7  as jurors has now concluded.  You can retire to the jury room.

8  Two reminders:  Please leave everything, note taking, the jury

9  instructions that we gave you a copy of.  The binders, please

10  leave them on your seats or in the jury room when you leave.

11     If you would just give us a few moments, there are

12  things I need to talk to the parties about before I discharge

13  you to formally leave the courthouse.  We did order lunch, so

14  that will be coming.  Anybody who wants to is free to stay, and

15  you can enjoy lunch together or not, at your option.  But,

16  thank you again for your service, and you may retire to the

17  jury room, and please just wait a few moments.  All right?

18     (Jury discharged)

19     THE COURT:  All right.  Please be seated.  Anything

20  for the record?

21     MS. MORTAZAVI:  Nothing from the government.

22     MR. FASULO:  Nothing from the defense.

23     THE COURT:  So --

24     MR. FASULO:  Well, Judge, I reserve any applications

25  regarding the verdict -- any motions.

M566GIAF

1          THE COURT:  All right.  So we need to talk about a

2    date for sentencing.  September 7.  Does that work,

3    Ms. Dempsey?

4          MR. FASULO:  One second.  If I may have a moment,

5    Judge?

6          THE COURT:  Yes.

7          MR. FASULO:  Is it possible to do the 8th, Judge, or

8    the 6th?

9          THE COURT:  Actually, the 8th would be better.

10          DEPUTY CLERK:  11:00.

11          MR. FASULO:  11:00 is fine.

12          THE COURT:  11:00 a.m. on September 8.

13          MS. MORTAZAVI:  That's fine for the government.

14          THE COURT:  All right.  So now, Ms. Giannelli has been

15    released on bail.  I assume there's no objection to her

16    remaining on release?

17          MS. MORTAZAVI:  No, your Honor.

18          THE COURT:  Ms. Giannelli, you'll be subject to the

19    same conditions of release as you were pretrial.  Those remain

20    in effect.  Sentencing will be held at the time we just

21    discussed.

22          What happens next, Ms. Giannelli, is the probation

23    department prepares what's called a presentence report.  That's

24    a report that contains all the relevant information about your

25    background and the like.  It assists me in determining what an

M566GIAF

1   appropriate sentence is in this case.  In order to prepare that

2   report, the probation office needs to interview you.  It's very

3   important that the information you give to the probation

4   officer be truthful and it be accurate.  That report is an

5   important part of my decision as to what your sentence will be.

6   You and Mr. Fasulo will have the right to review that

7   report when it's prepared in draft form.  You can, with

8   counsel, make comments on it, object to anything you wish to

9   object to, and obviously, before sentencing, you have the

10  right, if you wish, to speak to the Court before I impose

11  sentence.

12  Mr. Fasulo, I assume you wish to be present for --

13  MR. FASULO:  I was going to say that, Judge.  I would

14  like to be present at the probation interview.

15  THE COURT:  All right.  So I order that no interview

16  take place outside the presence of Mr. Fasulo.

17  Mr. Fasulo, though, I would request that you please be

18  in touch with the probation office to arrange the interview

19  within the next 14 days.

20  MR. FASULO:  Yes, your Honor.

21  THE COURT:  The government will obviously provide the

22  information it needs to provide within that same time period.

23  Courtesy copies of the report will be provided to the Court.

24  Obviously, counsel are reminded to please give timely comments

25  or objections to the draft of the presentence report to the

1   probation office.

2           Defense submissions will be due two weeks before the

3   sentencing date; government submissions are due one week before

4   the sentencing date.

5           And, again, Ms. Giannelli, I remind you that it is

6   critically important that you be truthful with the probation

7   office.  Failure to be truthful with that office or with the

8   Court could have an adverse effect on your sentence, and it

9   could subject you to a separate prosecution.

10          Is there anything else for the record, Ms. Mortazavi?

11          MS. MORTAZAVI:  Nothing from the government.

12          THE COURT:  Mr. Fasulo.

13          MR. FASULO:  Nothing from the defense.

14          THE COURT:  All right.  I thank everyone, and we are

15  adjourned, then.

16          (Pause)

17          THE COURT:  Oh, back on the record.

18          Mr. Fasulo, obviously, you know the deadlines for any

19  motions that you may wish to make?

20          MR. FASULO:  I just want to reserve at this time.

21          THE COURT:  That's fine, but just for the record, you

22  know the time.

23          MR. FASULO:  Yes.

24          THE COURT:  Thank you.

25          (Adjourned)