

**Steven Schwartz**
**Benjamin A. Schwartz**
**James M. Stiller, Jr.***
**Robert C. Collins, II**

(302) 654-4930
Wilmington
(302) 678-8700
Dover
(302) 678-8702
Central Facsimile

*\* Admitted to Delaware and New Jersey Bar*

**Post Office Box 541**
**Dover, Delaware 19903**
www.DelawareLitigators.com

March 31, 2011

State of Delaware
Division of Professional Regulation
Attn: Jean Betley, Supervisor
Cannon Building
861 Silver Lake Boulevard
Dover, Delaware 19904-2467

**Received**

APR 1 2011

**Investigative Unit DPR**

Re:   Compaint Numbers: 28-05-11 and 28-06-11
      My clients: Lisa Ranger and Seth Fishman, DVM

Dear Ms. Betley:

Please accept this letter as Dr. Seth Fishman's and Ms. Lisa Ranger's response to the Board Complaints filed under the Complaint Numbers listed above. I apologize if this response seems to jump from issue to issue. The Complaint consists solely of a medical record, and it is not clear precisely what allegations require a response.

What is clear is that the Complaint against Lisa Ranger alleges she practiced unlicensed veterinary medicine. This is categorically false. Lisa has not practiced and is not practicing veterinary medicine, and she has not acted and is not currently acting as an unlicensed Veterinary Technician. Ms. Ranger is employed by Dr. Seth Fishman in his business, Equestology. Ms. Ranger's duties include but are not limited to collecting payments from clients, coordinating Dr. Fishman's visits and teleconferences with clients, delivering products and medications prescribed by Dr. Fishman and acting as receptionist and secretary to Dr. Fishman. Ms. Ranger does not give veterinary medical advice. When clients ask her questions that require veterinary medical advice, she refuses to answer (often to the consternation of the client) and arranges for the client to speak directly to Dr. Fishman.

The Complaint references a written medical record of Coastal Veterinary Services, LLC. The medical record indicates that the Complainant, Dr. Brittany Faison, was called to examine "Louisville", a standardbred gelding at Nanticoke Racing. On arrival, she reported finding the horse deceased in the aisle of the stable. She claims to have spoken to some grooms in the barn, who she chose not to identify by name, who

reported to her that they injected the horse with Pentosan Gold 12 ml, whereupon he died. The complaint/medical record does not clearly indicate it, but it bears pointing out that neither Dr. Fishman nor Lisa Ranger injected the animal, and neither were present at Nanticoke Stables at the time of this incident. The apparent cause of death of the animal was an intra-arterial injection, not wrongdoing on the part of Lisa Ranger or Dr. Fishman, and not a defect in the product. The complaint alleges that the unidentified grooms in the barn allegedly told the complainant the following:

> Asked about where the medication came from because I did not dispense it. They bought it from Lisa M. Ranger who sells drugs for Seth I. Fishman (Florida license # N1-0002244). I am suspicious this veterinarian does not have a client patient relationship and I am positive the individual driving around the farms selling drugs behind/under Dr. Fishmans [sic] name is NOT a licensed veterinarian. Dr. Fishman is not licensed in Delaware from what I can research online.

Lisa Ranger does not sell drugs for Dr. Fishman. Ms. Ranger delivers supplies for Dr. Fishman. She collects and posts payments made to Dr. Fishman by Dr. Fishman's clientele. It is incorrect and professionally irresponsible to claim that she "sells drugs for Seth I. Fishman".

Dr. Fishman has a very well developed relationship with Les Givens, his family, his stable, and Nanticoke Racing. He has known Mr. Givens for about eight years and is familiar with all the horses in Mr. Givens' stable.

Dr. Fishman is licensed in Delaware. It is unclear why Dr. Faison was unable to go to the Delaware Division of Professional Regulation (http://dpr.delaware.gov) and click "Verify License Online". Dr. Fishman is a well known and highly regarded veterinarian. He is practices or consults in numerous countries including the United States, United Arab Emirates, Hong Kong, Thailand, Singapore, Macau, Australia and Malaysia. He is licensed in the U.S. in Delaware, Florida, Ohio, Pennsylvania, New Jersey, New York, and Indiana. Any competent veterinarian serving the horse racing community who is minimally competent in the use of a computer should know Dr. Fishman and be able to identify Dr. Fishman as a Delaware licensed vet.

The Complaint also alleges in paragraph number six of the medical record that, "I am concerned this veterinarian is not physically examining these animals and is in the medications sales situation strictly for profit". Dr. Fishman physically examines all animals he treats. And it should be noted that there exist a number of reasons why he provides products: Dr. Fishman strives to provide client convenience, client service and increased client satisfaction. He practices twenty four hours a day / seven days a week, as his clients are global. Based on his commitment to serving them and utilizing an efficient and well managed Delaware-based operation, his clients are more confident using him in many cases rather some local permanent vets with less commitment or dedication to their needs. Ms. Ranger travels to Dr. Fishman's clients, rather than remaining in one location and requiring clients to travel to her. This may explain why Dr. Faison reports she has

Received
APR 1 2011
Investigative Unit

seen Ms. Ranger traveling to meet with Dr. Fishman's clients. Ms. Ranger is willing to personally deliver as a convenience, and she provides extended service that clients prefer. Dr. Fishman can have Lisa Ranger deliver products to local clients during business hours, after-hours and wherever they are needed. Again, in regards to selling products, Lisa Ranger is nothing more than a delivery person for Dr. Fishman's practice.

The Complaint charges possible violations of 16 Del.C. § 4757 relating to hypodermic needles. You can buy syringes from Tractor Supply Company. There is nothing illegal about buying, selling or dispensing syringes for use with horses. Subsection (e) of Section 4757 specifically exempts syringes used for treating livestock:

> (e) Nothing in this section shall prohibit the delivery, furnishing, sale, purchase or possession of an instrument commonly known as a hypodermic syringe or an instrument commonly known as a hypodermic needle used or to be used solely and exclusively for treating poultry or livestock and such delivery, furnishing, sale, purchase, possession or use shall be governed by rules and regulations to be prescribed by the Department of Agriculture.

"Livestock" is not defined by the Uniform Controlled Substances Act, either at 16 Del.C. § 4757 or in the definitions section at 16 Del.C. § 4701. The dictionary definition of "livestock" is "the horses, cattle, sheep and other useful animals kept or raised on a farm or ranch". See *Webster's New Universal Unabridged Dictionary*, 1996, page 1125.

Further, the Superior Court of Delaware has found horses to be "livestock" for purposes of determining the applicability of the "agricultural labor" exemption to the Unemployment Compensation statute. See McInnis Stables v. UIAB, 1992 WL 207271 (Del. Super.). The "agricultural labor" exemption to the unemployment compensation statute, 19 Del.C. § 3302(10)(A)(i), states that "Employment" does not include service performed in "agricultural labor". "Agricultural labor" is further defined to include "raising . . . feeding, caring for, training and management of livestock. . . " The Superior Court held that raising horses was "agricultural labor" for purposes of the exception ("On remand, the Board must find raising, training, breeding, and caring for the horses on the farm is agricultural labor within the exemption.") McInnis Stables, 1992 WL 207271 at 3. To reach that result, the Superior Court necessarily must have found that horses were "livestock".

The Complaint alleges that the Pentosan Gold is a non-FDA approved drug. Pentosan Gold is manufactured by Nature Vet, and is a mixture of Pentosan Polysulfate and N-Acetyl Glucosamine. Pentosan Polysulfate is FDA-approved for human use under the brand name Elmiron. See http://www.accessdata.fda.gov/scripts/cder/ob/docs/temptn.cfm. N-Acetyl Glucosamine is not FDA-regulated because it is a supplement or a "neutraceutical". This is generally acceptable off-label use in this industry. The substance is commonly compounded in the United States and Pentosan Gold or a custom-compounded similar substance is readily available and widely used in the equine population to reduce joint inflammation and encourage cartilage healing. There have been

USAO_20CR160_00113274

numerous studies and papers published by Dr. Wayne McIlwraith, director of Colorado State University's Gail E. Holmes Equine Orthopaedic Research Center, regarding both the efficacy and safety of this product. Dr. Fishman has eight years experience using the product and has consulted on numerous projects involving its use with numerous vets both based in the United States and globally. Currently he is in United Arab Emirates consulting on its use in high-valued performance camels, and is going onwards to Malaysia and Singapore consulting at the Jockey Clubs. It is a product that has been in existence for many years and commonly used in numerous species.

Lisa Ranger does not sell and has never sold anabolic steroids. Dr. Fishman very rarely prescribes anabolic steroids and when he does, he does not fill the prescription – he refers the client to a pharmacy. He has not taken delivery of an anabolic since 2007. There is no factual basis whatsoever for Dr. Faison's allegation that Lisa is selling anabolic steroids.

Ms. Ranger is not advertising herself as a veterinarian on petfinder.com. Equestology is listed on petfinder, but as previously stated, that business is owned by Dr. Fishman.

A clue as to Dr. Faison's motivation in filing a Board Complaint may be found in the next-to-last paragraph of the medical record: "She is also taking away from the livelihood of other appropriately licensed professional veterinarians and licensed pharmaceutical representatives." Clearly, Dr. Faison is disgruntled that Dr. Fishman is servicing clients that could be hers. As to the reference to pharmaceutical representatives, they should not be filling prescriptions for consumers, so we are not sure why Dr. Faison is concerned about them.

Because there are no violations of the laws or regulations governing veterinarians, we respectfully request that the Complaint be dismissed.

Sincerely,

BENJAMIN A. SCHWARTZ
Delaware Bar ID No. 4145

USAO_20CR160_00113275

STATE OF DELAWARE        )
                         )    SS:
COUNTY OF __KENT__       )

      AND NOW, this 30th day of March, 2011, appeared before me, a Notary Public in the State and County aforesaid, Lisa Ranger, known by me personally to be such, and she did depose and say that the facts concerning her as set forth in the foregoing response to Board Complaint are true and correct.

_____
LISA RANGER

_____
NOTARY PUBLIC
Benjamin A. Schwartz
Delaware Attorney at Law
Notary Public pursuant
to 29 Del.C. § 4323 (a) (3)
Delaware Bar ID No. 4145

Received

APR 1  2011

Investigative Unit DPR

USAO_20CR160_00113276

STATE OF ~~Bangkok~~ )
                                                ) SS:
COUNTY OF ~~Thailand~~ )

    AND NOW, this ____ day of March, 2011, appeared before me, a Notary Public in the State and County aforesaid, Seth Fishman, known by me personally to be such, and he did depose and say that the facts concerning him as set forth in the foregoing response to Board Complaint are true and correct.

DR. SETH FISHMAN

_____
NOTARY PUBLIC

Received
APR 1 2011
Investigative Unit DPR

6