USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-  20-cr-160-8 (MKV)

LISA GIANNELLI,  ORDER

Defendant.

MARY KAY VYSKOCIL, United States District Judge:

On May 6, 2022, the defendant, Ms. Giannelli, was convicted by a jury of one count of conspiracy to commit drug adulteration and misbranding with the intent to defraud or mislead, in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 331 and 333. The evidence at trial showed that Ms. Giannelli distributed adulterated and misbranded drugs—including, but not limited to, custom drugs designed to enhance the performance of racehorses and evade scrutiny by drug and racing regulators—as a salesperson for the company Equestology, which was led by Ms. Giannelli's co-defendant Dr. Fishman. In advance of Ms. Giannelli's sentencing, the government sought an order of forfeiture in the amount of $13,438,314.20, to be joint and several with Dr. Fishman, "based on Equestology's total sales" for a period of time during the conspiracy [ECF No. 941 ("Tr.") at 11:2–11:23; ECF No. 896 ("PSR") ¶ 7]. The defense objected to the government's calculation of the forfeiture, reflected in the Final Presentence Investigation Report ("PSR"), stating only that the government had not proven the amount. PSR at 39. Neither side briefed the forfeiture issue in its sentencing submission [ECF Nos. 914, 919].

On September 8, 2022, at Ms. Giannelli's sentencing, the Court ruled that it was not appropriate to hold Ms. Giannelli jointly and severally liable for the proceeds of sales of adulterated and misbranded drugs that "she never directly or indirectly obtained," citing the reasoning of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). Tr. at 11:18–12:23. Instead, the Court proposed ordering forfeiture in the amount of $900,000 based on "tax returns and other records in evidence" that reflected Ms. Giannelli's total earnings from Equestology from 2014 through 2019, which earnings, in turn, reflected a percentage of

1

her own sales on behalf Equestology. Tr. at 14:2–10. The Court noted that "the conspiracy ran for three times that time period" but stated that there was not sufficient "evidence in the record" to order forfeiture for the other years of the conspiracy. Tr. at 14:6–10. The government and the defense both expressly consented to entry of an order of forfeiture of $900,000. Tr. at 17:5–7 ("the government would ask . . . that the Court enter an order for $900,000 . . . ."); 17:14–16 (defense counsel stating, "Judge, I had the opportunity to speak with my client. And we consent and agree with the proposal" to order forfeiture in the amount of $900,000), 17:21–18:1. The Court issued an Order of Forfeiture/Money Judgment in the amount of $900,000 [ECF No. 924].

Thereafter, the Court issued an Opinion & Order, dated July 7, 2023, on the appropriate amount of the forfeiture in the case against Dr. Fishman [ECF No. 1108]. In that Opinion & Order, the Court observed that Equestology, through Ms. Giannelli, sold some products that do not meet the definition of adulterated and misbranded drugs, such as needles and syringes. *See* Op. at 5, 33. The Court concluded that a "reasonable estimate" of the total value of adulterated and misbranded drugs that Dr. Fishman caused to be dissipated, and thus met the definition of forfeitable property in his case, must exclude the value of such non-drug items. Op. at 29–33.

On July 14, 2023, the Court directed the parties to file letters, in the light of the July 7, 2023 Opinion & Order, stating their positions and citing authority on (1) whether the Court has authority, at this stage, to amend Ms. Giannelli's forfeiture, and (2) whether any such amendment would be warranted. The parties timely submitted their letters [ECF Nos. 1124, 1125]. The Court has carefully reviewed those letters, as well as the record of Ms. Giannelli's sentencing [ECF Nos. 896, 914, 919, 924, 926. 930, 941 ("Tr.")].

The Court will not disturb the forfeiture order that it issued against Ms. Giannelli, with her express consent, nearly a year ago. At Ms. Giannelli's sentencing, the parties requested and consented to entry of an order of forfeiture in the amount of $900,000. Tr. at 17:5–7, 17:14–16 (defense counsel stating, "we consent and agree" to forfeiture in the amount of $900,000), 17:21–18:1 (confirming that

forfeiture was "on consent"). Moreover, even after the Court invited the parties to weigh in, neither the defense, nor the government has identified any authority for the Court to revisit a final order and revise the forfeiture in these circumstances [ECF Nos. 1124, 1125]. Finally, it is far from clear that any revision is warranted, since Ms. Giannelli's forfeiture amount never purported to represent the total value of adulterated and misbranded drugs that she caused to be dissipated. Rather, Ms. Giannelli's income from Equestology reflected only a percentage of her sales, and the forfeiture figure based on her income was an effort to reach "a reasonable estimate . . . given the available information" in the record at the time of her sentencing. *United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011) (citing *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009)).

**SO ORDERED.**

Date: **August 28, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**