```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

LISA GIANNELLI,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

S6 20 Cr. 160 (MKV)

WHEREAS, on or about November 5, 2020, LISA GIANNELLI (the "Defendant"), among others, was charged in one count of a five-count Superseding Indictment, S6 20 Cr. 160 (MKV) (the "Indictment"), with drug adulteration and misbranding conspiracy, in violation of Title 18, United States Code, Sections 371 and 3147 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334, and Title 28, United States Code, Section 2461, of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(II), 344, or 355 of this title, have been introduced into interstate commerce (the "Forfeitable Property"), including but not limited to a sum of money in United States currency representing the value of such property;

WHEREAS, on or about May 6, 2022, the Defendant was found guilty, following a jury trial, of Count Two of the Indictment;

WHEREAS, on or about September 9, 2022, the Court entered an Order of Forfeiture/Money Judgment (D.E. 924), finding that the Forfeitable Property cannot be located

upon the exercise of due diligence as a result of acts and/or omissions of the Defendant, and imposing a money judgment against the Defendant in the amount of $900,000 in United States currency reflecting the value of the forfeitable property (the "Money Judgment");

WHEREAS, to date, the entirety of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and/or omissions of the Defendant, the United States has not been able to locate, obtain or collect the Forfeitable Property, despite the exercise of due diligence in investigating the Defendant;

WHEREAS, as a result of acts and/or omissions of the Defendant, the Forfeitable Property has been transferred or sold to, or deposited with, a third party;

WHEREAS, the Government has identified the following specific assets held by Dynasty Advisors, LLC Wealth Management in which the Defendant has an ownership interest:

    a. Transfer on Death (TOD) Individual Account No. ending in -1911; and

    b. Simplified Employee Pension (SEP) IRA Account No. ending in -3300

(a. and b., the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
~~March ____, 2023~~
**October 5, 2023**

SO ORDERED:

*Mary Kay Vyskocil*
_____
HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE